```
              UNITED STATES DISTRICT COURT
                  DISTRICT OF VERMONT
```

```
UNITED STATES OF AMERICA    :
                            :
     v.                     :    File No. 1:07CR01-01
                            :
JEFFREY SCARBOROUGH         :
                            :
_____ :
```

RULING ON MOTION TO DISMISS
(Paper 13)

On April 11, 2006, the defendant was arrested on a state drug charge. On April 12, 2006, the Bennington County State's Attorney filed criminal charges against the defendant.

On November 27, 2006, the United States filed a criminal complaint against the defendant, charging him with possession with intent to distribute cocaine. This criminal complaint addressed the same conduct underlying the April 12, 2006 state charge. The government issued a warrant and placed a detainer on the defendant based upon this federal charge.

On December 4, 2006, the Bennington County State's Attorney indicated that, in light of the duplicate federal charge, the state would not pursue its complaint against the defendant. He dismissed the state charge on December 7, 2006.

On December 27, 2006, the U.S. Marshal received notice from the Vermont Department of Corrections that there were no pending state charges against the defendant, and he was available to be

taken into federal custody.  On December 28, 2006, the U.S. Marshal took custody of the defendant.

On January 10, 2007, the federal grand jury returned an indictment charging the defendant with possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C).  The defendant moves to dismiss the indictment, pursuant to 18 U.S.C. §§ 3161(b) and 3162(a)(1), as returned more than thirty days after he first was arrested and charged.

In relevant part, Section 3161(b) states:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

In addition, section 3162(a)(1) provides:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.

The defendant argues the application of these two provisions requires the Court to dismiss the federal indictment.  When applying these provisions, however, "a defendant does not become an 'accused' for Speedy Trial Act purposes until he is under *federal* arrest."  United States v. Jones, 129 F.3d 718, 721 (2d Cir. 1977) (citation omitted; emphasis in original).  "[T]he language of [§] 3161(b) . . . can be easily read to state that

the triggering 'arrest' must be 'in connection with such charges.' [Therefore, a]n arrest that is not for purposes of answering to criminal charges thus does not begin the thirty-day period." Id. (citation and emphasis omitted).

Understood in this way, the provisions upon which the defendant relies suggest the thirty-day period did not start until December 28, 2006, the date on which he was taken into federal custody.  The indictment, returned on January 10, 2007, was therefore within the thirty-day statutory window.

The defendant's Motion to Dismiss (Paper 13) is DENIED.

SO ORDERED.

Dated at Brattleboro, Vermont, this 15th day of May, 2007.


                                      /s/ J. Garvan Murtha
                                      J. Garvan Murtha
                                      United State District Judge